(110 So. 322)

### CORTNER v. HILL. (8 Div. 496.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

**1. Sales ☞418(2).**

If vendor of cotton breached contract by failure to deliver cotton, measure of damages would be difference between contract price and market price at time and place of delivery.

**2. Sales ☞87(2).**

Where contract for sale of cotton sued on was oral, inquiry as to whether plaintiff had had paid anything down in cash *held* pertinent to ascertainment of contract's terms.

**3. Appeal and error ☞1050(1)—Admission of testimony, in action on cotton contract, as to what witness paid for other cotton held harmless error.**

Admission of testimony of witness, in action on cotton contract, as to what he paid for other cotton, while irrelevant and unresponsive to actual market price of cotton, *held* harmless error.

**4. Appeal and error ☞1048(4)—Consultation of memorandum by witness in action on cotton contract held harmless error.**

Consultation of memorandum by witness in action on cotton contract *held* harmless error, since it was not affirmatively shown that witness swore from memorandum and not from independent recollection of case.

**5. Appeal and error ☞901.**

It is duty of one insisting on error to make same affirmatively appear in bill of exceptions.

**6. Appeal and error ☞900.**

All reasonable presumptions will be indulged to support ruling of trial court.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Action by R. G. Cortner against Harbin Hill. From a judgment for defendant, plaintiff appeals. Affirmed.

G. O. Chenault, of Albany, for appellant.

Plaintiff should have been permitted to show that he went into the market and purchased cotton to supply the deficiency caused by defendant, and also what he paid for cotton so purchased. McFadden v. Henderson, 128 Ala. 235, 29 So. 640. Counsel discuss other questions, but without citing additional authorities.

R. L. Almon, of Moulton, for appellee.

The market value of cotton, and not what plaintiff paid, was the proper inquiry. McFadden v. Henderson, 128 Ala. 235, 29 So. 640; Browder v. Irby, 112 Ala. 379, 21 So. 351. It is competent to prove value at a certain time, by showing its value at a subsequent period, within reasonable limits, in the same market. Johnson v. West, 43 Ala. 689. The testimony of Deleshaw was properly admitted. Acklen's Ex'r v. Hickman, 63 Ala. 498, 35 Am. Rep. 54; Snodgrass v. Coulson, 90 Ala. 347, 7 So. 736.

BRICKEN, P. J. Action for damages based upon an alleged breach of contract for the sale of cotton.

Appellant's version of the contract was that he agreed to purchase, and the appellee to sell, 40 bales of cotton, at a fixed price, to grade middling or better. Appellee contends that the true contract was that he was to deliver to appellant 40 bales of cotton, of which appellant was to grade and accept all that proved to be middling or better and reject such as fell below this grade. This was the real pivotal point of difference between the parties; it was fairly submitted to the jury, and by the jury determined in favor of the appellee, the defendant below.

[1] If, as contended by appellant, the appellee breached the contract by failure to deliver, then the measure of damages would have been the difference between the contract price and the market price at the time and place of delivery.

The evidence admitted by the trial court legitimately tended to show the market price of cotton at the time and place of delivery. The exact date of delivery does not appear to have been definitely fixed, and, for this reason, it was proper to inquire as to the market price between October 25th (the date of the contract) and November 7th, the date of the alleged breach. The measure of damages being as above stated, it appearing that the cotton had a market price at the place of delivery and no question of plaintiff's duty to mitigate his loss appearing, it was immaterial what price he actually paid for the cotton with which to replace the 18 bales he claimed to be undelivered. Furthermore the plaintiff testified that the difference between the market price and the contract price was $316.80, which, he says, was the exact sum he had to pay extra to replace the 18 bales claimed to be undelivered. In any event, he suffered no injury from this ruling of the court.

[2] We fail to see where or how plaintiff was injured by being asked if he had paid anything down in cash on the contract. The contract was not reduced to writing and it was pertinent to inquire as to its terms and particulars.

[3, 4] No error is made to appear in the examination of the witness Deleshaw. He did, in response to proper questions by defendant, state what he was paying for cotton on the several days in question. On timely motion to exclude the answer as unresponsive and irrelevant, the trial court would doubtless have excluded these answers since the question sought to be established was the market price, and not what price witness had to pay for cotton on the said days. It does

further appear that this witness consulted a memorandum, which he swore to be correct; but it does not affirmatively appear that the witness was swearing from this memorandum and not from his independent recollection.

[5, 6] It is the duty of one insisting on error to make the same affirmatively appear in the bill of exceptions. All reasonable presumptions will be indulged to support the ruling of the trial court.

Affirmed.